UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHUIZOTL MENDOZA BAHENA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TIMOTHY AITKEN, et al.,<br><br>　　　　　Respondents. | No.  1:16-cv-01841-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On December 12, 2016, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is an alien detainee who has been ordered removed from the United States. He challenges the order of removal, without bond, issued by an immigration judge. The Court is without jurisdiction to consider Petitioner's claims against the order of removal or the orders concerning denial of bond. Therefore, the Court will recommend the petition be dismissed.

**DISCUSSION**

A.　　Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th
4   Cir.2001).

5   B.     Lack of  Habeas Jurisdiction

6       Petitioner is a native and citizen of Mexico who came to the United States on July 9, 2003,
7   illegally.  (Pet. at 3.)  On October 4, 2013, he pled guilty to the drug offenses and was sentenced
8   to 40 months in jail followed by 5 years of probation.  (Id.)  He served 35 months in jail.  (Id.)

9       On July 29, 2016, Petitioner appeared before an immigration judge.  He was denied bond
10  and the next court hearing was set for November 14, 2016.  (Id.)  He is subject to an order of
11  removal.  (Id. at 5.)  At present, he is in custody at Mesa Verde Detention Facility in Bakersfield,
12  California, awaiting removal.  (Id. at 2.)

13      Writ of habeas corpus relief extends to a person in custody under the authority of the
14  United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the
15  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under
16  28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's
17  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v.
18  United States, 610 F.2d 672, 677 (9th Cir. 1990).

19      To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his
20  sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  See, e.g.,
21  Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody
22  should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of
23  inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of
24  habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the
25  petitioner's custodian.  Brown, 610 F.2d at 677.

26      In this case, Petitioner challenges the immigration judge's order of removal entered
27  against him.  He claims the judge erred when he entered the order of removal because he failed to
28  look at supporting documents and take them into consideration. In addition, Petitioner claims the

1  evidence did not support the decision.  Petitioner also challenges the denial of release on bond.

2  The federal district court has no jurisdiction over collateral challenges to removal

3  proceedings.  A petition for review to the courts of appeal is the sole and exclusive means of

4  review of an administrative order of removal, deportation, or exclusion.  8 U.S.C. § 1252.

5  Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" **include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title**, and review pursuant to any other provision of law (statutory or nonstatutory).  (Emphasis supplied).

12 In addition, pursuant to § 1252(a)(2)(C), "no court shall have jurisdiction to review any

13 final order of removal against an alien who is removable by reason of having committed a

14 criminal offense covered in section 1182(a)(2) . . . ."  Section 1182(a)(2) includes aliens, like

15 Petitioner, who have committed offenses relating to controlled substances.  <u>See</u> 8 U.S.C. §

16 1182(a)(2)(A)(i)(II) (alien convicted of a violation of any law or regulation relating to a

17 controlled substance is inadmissible).  Accordingly, to the extent that Petitioner is seeking judicial

18 of his removal proceedings, the Court is without jurisdiction.

19 In addition, § 1226(e) prohibits judicial review of "[t]he Attorney General's discretionary

20 judgment" regarding "the detention or release of any alien or the grant, revocation, or denial of

21 bond or parole."  Insofar as Petitioner requests judicial review of the decision whether or not to

22 grant release on a bond pending removal, the Court is without jurisdiction.

**ORDER**

24 Accordingly, the Clerk of the Court is **DIRECTED** to assign a United States District

25 Judge to this case.

**RECOMMENDATION**

27 Accordingly, the Court **RECOMMENDS** that the petition for writ of habeas corpus be

28 **DISMISSED** for lack of jurisdiction.

3

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2016**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE